Todd Blanche
Attorney General of the United States
Lisa Cartier-Giroux
Assistant United States Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

John A. Eisenberg
Assistant Attorney General for National Security
Patrick J. Cashman
Ryan D. White
Trial Attorneys
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 514-2007

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ASHTON HAMED ELLABOUDY<br>(a/k/a "Ashraf Hamed Ellaboudy"),<br><br>Defendant. | Case No.: 4:26-CR-06038-MKD<br><br>Government's Motion to Delay Discovery Disclosure |

Plaintiff, United States of America, by and through Lisa Cartier-Giroux, Assistant United States Attorney, Eastern District of Washington, and Patrick J. Cashman and Ryan D. White, Trial Attorneys, Department of Justice, National Security Division – Counterterrorism Section, hereby submits this motion

requesting the Court authorize the United States to delay disclosure of discovery until fourteen (14) days after the Defendant's retained private counsel files a notice of appearance and counsel has signed a protective order.

## I. **Procedural Background**

The Defendant was arrested, pursuant to a federal criminal complaint and arrest warrant, on October 1, 2026. ECF Nos. 1, 2, and 3. On October 2, 2026, the Defendant appeared for an initial appearance. ECF Nos. 8, 13, and 23. The United States moved for the Defendant's detention. ECF No. 10. At that hearing, the Court scheduled a detention hearing for October 6, 2026 and a status hearing for October 8, 2026. ECF No. 14. Subsequently, the October 6, 2026 hearing was reset to October 8, 2026. ECF No. 22.

On October 7, 2026, a grand jury sitting in the Eastern District of Washington returned the Indictment, charging the Defendant with one violation of 18 U.S.C. § 2339B – Attempt to Provide Material Support to a Designated Foreign Terrorist Organization. ECF No. 26. On October 8, 2026, the Defendant appeared for an arraignment on the Indictment. ECF No. 32. Additionally, the Court held a detention hearing wherein the Defendant was ordered detained pending trial. ECF No. 32.

On October 9, 2026, the Court issued a Case Management Order setting a pretrial conference on November 19, 2026 and jury trial on December 14, 2026. ECF No. 34.

At the initial appearance, the Defendant was advised that pursuant to his financial affidavit he did not qualify for appointment of counsel at the public's expense. ECF No. 23. The Defendant was further advised that he would be responsible for retaining private counsel. At the arraignment, the Court provisionally assigned the Federal Defenders of Eastern Washington and Idaho to represent the Defendant for an additional two weeks and assist the Defendant in securing private counsel. ECF No. 32. As of the filing of this motion, the United States has not been advised the Defendant has not retained private counsel.

## II. Law and Argument

Pursuant to Local Criminal Rule (LCrR) 16, the United States is required to make discovery available in a criminal matter within fourteen (14) days of arraignment. The Court however has wide latitude in governing the discovery process and may provide the parties forms of relief, including the withholding, deferral, or delay in the production of discovery. See Fed. R. Crim. P. 16(d)(1) (the Court "may, for good cause…defer discovery or inspection, or grant other appropriate relief"). Accordingly, as detailed below, the United States requests, pursuant to Fed. R. Crim. P. 16(d)(1), the Court authorize the United States to defer producing discovery up to fourteen (14) days after the Defendant's retained private counsel files a notice of appearance and the Defendant signs an agreed upon Protective Order.

The United States' request to defer discovery is justified by good cause. First, the Federal Defenders were only provisionally appointed to represent the Defendant for two weeks to ensure he was represented and to assist in retaining private counsel. ECF No. 32. Second, there are several sensitivities associated with this case, including classified information. The United States intends to file a Section 2 Notice, pursuant to the Classified Information Procedures Act ("CIPA"), which will detail additional information on the procedural impact of classified information in this case. Additionally, the United States will request the Court appoint a Classified Information Security Officer ("CISO") to assist the Court in coordinating and reviewing classified filings. Third, due to the nature of some evidence in this case, the United States intends to make this evidence available for review by counsel after counsel obtains a one-time read in from the Federal Bureau of Investigation. Last, the United States will coordinate an agreed upon protective order with counsel outlining the handling of certain unclassified, but sensitive discovery.

Due to the sensitive nature of this case, the United States seeks to limit the number of individuals having access to the discovery and avoid instances of unnecessarily repeating the process of conduct one-time read ins and negotiate protective orders. Accordingly, the United States submits there is good cause justifying the Court authorizing the United States from deferring the disclosure of discovery.

## III. Conclusion

Based on the foregoing, the United States respectfully requests the Court authorize the United States to defer disclosure of discovery until fourteen (14) days after the Defendant's retained private counsel files a notice of appearance and counsel signs the agreed upon protective order.

Dated: October 19, 2026.

Todd Blanche
Attorney General of the United States

*s/Patrick J. Cashman*
Patrick J. Cashman
Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

*s/ Patrick J. Cashman*
Patrick J. Cashman
Trial Attorney