FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 21, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ASHTON HAMED ELLABOUDY,<br><br>Defendant. | No. 4:26-CR-06038-MKD-1<br><br>ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT ON INDICTMENT<br><br>AND GRANTING THE UNITED STATES' MOTION FOR DETENTION<br><br>**MOTION GRANTED (ECF No. 10)** |

On October 8, 2026, the Court held a hearing for Defendant ASHTON HAMED ELLABOUDY's initial appearance and arraignment based on an Indictment. Defendant appeared in custody represented by Assistant Federal Defender Craig Webster. Assistant U.S. Attorney Patrick Cashman represented the United States. U.S. Probation Officer Araceli Mendoza was also present.

## I. INITIAL APPEARANCE

Defendant was advised of, and acknowledged, his rights. The Court entered a plea of not guilty to the Indictment on Defendant's behalf.

The Court confirmed the continued temporary appointment of the Federal Defenders who were previously appointed to represent Defendant for the limited

purpose of this hearing and for an additional two weeks to allow Defendant to secure private counsel. ***Defendant shall retain counsel within two weeks.***

The United States sought Defendant's detention. **ECF No. 10**. Defendant requested a detention hearing and the Court held a detention hearing.

## II. DETENTION HEARING

***Arguments and Proffers of the Parties:*** The United States made factual proffers and argued the Court should detain Defendant. The Government also invoked the rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(C). The Government asserted there are no conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. The Government proffered the following:

- Defendant is a naturalized U.S. citizen;
- Defendant previously served in the U.S. Navy;
- Defendant is currently employed by the U.S. Department of Energy;
- Defendant possessed two U.S. Passports at the time of his arrest;
- One of the U.S. Passports Defendant possessed is an official passport issued for official government overseas travel only (*i.e.* for travel on official government business only);
- Defendant improperly retained and possessed the official passport after prior federal employment;
- Defendant traveled to Kuwait in 2025 (the "Kuwait Trip") using the official passport without authorization;
- While on the Kuwait Trip, Defendant also entered Yemen;
- Defendant told others he entered Yemen with the intent to meet with the leader of Ansar Allah, also known as the Houthis;

- Ansar Allah was redesignated a Foreign Terrorist Organization ("FTO") by the U.S. State Department on March 4, 2025, prior to Defendant's Kuwait Trip;
- Upon return from Kuwait, while processing through U.S. Customs, Defendant was dishonest with U.S. Customs officials regarding the nature and purpose of his travel, specifically claiming to have been overseas to inspect a U.S. missile site;
- Defendant has no official responsibilities involving U.S. missile sites and Defendant was not authorized to officially travel for any such purpose;
- Defendant has spent considerable time experimenting with the production of explosives;
- Approximately 50 grams of a high explosive preliminarily identified as triacetone triperoxide ("TATP") was located at Defendant's home during a search of Defendant's residence;
- Two firearms were located during a search of Defendant's residence;
- Defendant has spent considerable time experimenting with drones and remote controlled airplanes; and,
- Defendant attempted to provide technical assistance to people he believed were members and/or affiliated with Ansar Allah with regard to communication and power equipment for use by the group.

Defendant, through counsel, made factual proffers and argued there are conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. Defendant argued there are legitimate purposes for TATP and that Defendant may use the material for hobbies such as rocketry and drones.

Defendant also noted he as a naturalized U.S. citizen and he went through a significant vetting process to establish good moral character. Defendant also noted his service in the U.S. Navy, later work with the U.S. Army Corps of Engineers, and his current employment with the U.S. Department of Energy as evidence of his allegiance to the United States. Defendant further noted to his strong ties to the District as well as his financial support of and care for his daughter, along with his limited criminal history.

***Review and Consideration of the 18 U.S.C. § 3142 Factors:*** The Court reviewed and considered the Criminal Complaint, ECF No. 1; the Affidavit supporting the Criminal Complaint, ECF No. 2; the Indictment, ECF No. 26; the United States' Motion for Detention, ECF No. 10; the Pretrial Services Report, ECF No. 11; the Supplemental Pretrial Services Report, ECF No. 25; and the arguments and proffers of counsel. Pursuant to 18 U.S.C. § 3142, the Court also considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g). The Court further considered that a rebuttable presumption[1] of

---

[1] Although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's flight risk and danger to the community remains with the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). When a defendant presents evidence to rebut the

detention applies in this case pursuant to 18 U.S.C. § 3142(e)(3)(C) as this case involves a charge list in 18 U.S.C. § 2332(g)(5)(B) for which the maximum penalty is ten years or more in prison. ECF No. 26. The United States previously invoked the presumption of detention. ECF No. 10 at 5.

***<u>Nature and Circumstances of the Charged Offense:</u>*** The nature and circumstances of the charged offense is extremely serious and weighs heavily in favor of detention. The Indictment charges Defendant with Attempt to Provide Material Support to a Designated Foreign Terrorist Organization, in violation of 18 U.S.C. §2339B. ECF No. 26. Based on the record in this case, there is ample reason to believe Defendant took substantial steps to be in communication with people he had reason to believe were members and affiliates of a designated foreign terrorist organization—Ansar Allah—including actual travel to Yemen to attempt to meet with members of the organization. Additionally, while allegedly engaged in repeated attempts to contact Ansar Allah and to assist the organization, Defendant was also allegedly experimenting with drones and actively producing explosives capable of delivery by way of drones. Based on the record in this case, there is a reasonable inference that the nature and circumstances of the charged offense include Defendant actively making explosives with intent to use a drone to deliver the explosives to an unknown target at the time of his arrest. This factor weighs heavily in favor of detention.

***<u>Weight of the Evidence:</u>*** The weight of the evidence was sufficient for the return of an Indictment, though this is the least important factor in the Court's

---

presumption arising under 18 U.S.C. § 3142(e)(3), the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

analysis. The evidence in this case appears to be substantial. This factor also weighs in favor of detention.

***<u>Defendant's History and Characteristics:</u>*** Defendant is 51 years old and was born in Kuwait. ECF No. 25 at 2. Defendant reported he has lived in eastern Washington since 2013. *Id.* There is also reason to believe Defendant has only lived in eastern Washington since 2015 and returned to Kuwait in 2019 until he returned to the United States two years later. *Id*. Defendant's mother and two siblings reside in Kuwait. *Id*. Defendant became a naturalized U.S. citizen in 2009. *Id.* Defendant is not married and has one adult daughter with his ex-wife. *Id.* Defendant's daughter resides with him. *Id*. Defendant earned a high school diploma in Kuwait. *Id*. at 3. Defendant earned a bachelor's degree in electrical engineering in Egypt in 1998, and a master's degree in electronics in California in 2009 or 2010. *Id*. Defendant served in the U.S. Navy from 2007 through 2021, with active duty service 2007-2010 or 2011 and reserve service following through 2021. *Id*. Defendant has worked for the U.S. Department of Energy as an engineer since 2022. *Id*. Defendant reported approximately $300,000 in a savings account. *Id*. Defendant has a limited criminal history with one conviction for assault, domestic violence (Count 1) and destruction of property (Count 2) in 2019, but the conviction was later dismissed in 2021. *Id*. at 4.

Defendant's history and characteristics ultimately weigh in favor detention. While Defendant is a veteran, worked for the Department of Energy until his arrest, and has relatively strong ties to eastern Washington to include his daughter who lives with Defendant, Defendant also has strong ties abroad, is comfortable living abroad, and has the means to flee. Additionally, according to the United States' proffer, Defendant engaged in recent foreign travel using an official passport and then was dishonest about the nature and purpose of his travel when he went through U.S. Customs upon his return.

***Nature and Seriousness of the Danger to the Community Posed by Defendant's Release:*** Defendant poses a substantial danger to the community if released. According to the United States' proffer, Defendant was engaged in the manufacture of explosives and possessed a quantity of high explosives at his residence at the time of his arrest. Additionally, the Government proffered that Defendant has spent considerable time experimenting with drones capable of carrying the type of explosives Defendant is alleged to have made and possessed at the time of his arrest. All of this suggests Defendant would pose a substantial danger to the community if released.

***Findings Pursuant to 18 U.S.C. § 3142:*** Accordingly, for all the reasons stated during the hearing and in this Order, the Court finds Defendant has not overcome the presumption of detention that applies in this case pursuant to 18 U.S.C. § 3142(e)(3)(C). Additionally, setting aside the presumption of detention, for all of the reasons stated in this Order and during the hearing, the United States also established by a preponderance of the evidence there is no condition or combination of conditions of release the Court could impose that would reasonably assure Defendant's appearance at future proceedings and the United States established by clear and convincing evidence there is no condition or combination of conditions of release the Court could impose that would reasonably assure the safety of other persons or the community if Defendant were released.

Accordingly, **IT IS ORDERED:**

1. The United States' Motion for Detention, **ECF No. 10**, is **GRANTED**. Defendant shall be held in detention pending disposition of this case or until further order of the Court. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

2. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy. Yakima cases shall be heard on the following Wednesday docket, and Richland cases shall be heard on the following Thursday docket.** If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

3. If necessary, the United States Probation/Pretrial Services Office is authorized to prepare a supplemental pretrial services report and shall notify defense counsel prior to interviewing Defendant. If Defendant does not wish to be interviewed, that Office shall prepare said report using any information it deems relevant to the issue of detention.

4. The Court directs the parties to review the Local Criminal Rules: https://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders

5. Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*:

a. The government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price,* 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the court orders the government to produce to the defendant in a timely manner all such information or evidence.

b. Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.

c. If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

d. This Disclosure Order is entered under Rule 5(f) and does not relieve any part in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a

defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 582 U.S. 313, 315 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012).

6. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED October 21, 2026.

JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE